ZEHMER, Judge.
This is in appeal from a workers’ compensation order awarding Homer McIntosh medical benefits, temporary partial disability benefits, wage loss benefits, penalties and interest. Appellants argue that the record does not contain competent, substantial evidence to support the judge of compensation claims’ findings that Claimant sustained a disabling occupational disease within the meaning of section 440.151, Florida Statutes (1987), by reason of his suffering from chromate sensitivity and resulting allergic reactions caused by contact with concrete during the course of his work for appellant school board. Appellants primarily request that we reverse the order and remand with directions that Claimant undergo a patch test for chromate sensitivity, relying on medical testimony that such a test, if positive, will affirmatively establish that Claimant does in fact suffer from chromate sensitivity.
After very careful study of the extensive record in this case, we conclude that the medical testimony is legally sufficient to support the award for chromate sensitivity under section 440.151 without performing the requested patch test. At least two doctors expressed unqualified opinions based on their observations of *167 Claimant’s skin condition and the history given to them that Claimant suffers from chromate sensitivity caused by contact with concrete while working on construction jobs. They and other medical experts testified that a patch test, while desirable to confirm this diagnosis, would not be conclusive of the issue should the test be negative, and in any event would not determine whether Claimant’s chromate sensitivity was due to contact with concrete or contact with other substances that contain chro-mate. This latter element of causation is established primarily by the accuracy of Claimant’s history. On this record, the judge of compensation claims was entitled to find that the history given by Claimant was truthful. Moreover, it is not legally necessary that a Claimant present evidence of a positive patch test to satisfy the requirements of section 440.151 so long as the medical evidence is otherwise legally sufficient to establish causation, as it is in this case. Contact dermatitis due to cement has long been recognized as an occupational disease in Florida. See, e.g., OBS Company, Inc. v. Freeney, 475 So.2d 947 (Fla. 1st DCA1985). The appealed order is
AFFIRMED.
MINER and WEBSTER, JJ., concur.